# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRIDGETTE BURGIN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:07-CV-1425-RDP** |
| | } | |
| **TIM LAHAYE, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Before the court is Defendant Christine DenHerder's[1] ("DenHerder") Motion to Dismiss (Doc. # 62), filed on April 22, 2008.  Plaintiff filed a response (Doc. # 64) on April 25, 2008. DenHerder argues that this court does not have personal jurisdiction over her and that the claims against her are due to be dismissed under Federal Rule of Civil Procedure 12(b)(2).  For the reasons stated herein, the court finds that DenHerder's motion is due to be granted.

Determining whether this court has specific[2] personal jurisdiction over a nonresident defendant requires a two-step analysis.  *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005).

> First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute.  Second, we examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of

---

[1]DenHerder has recently married.  Her maiden name was Christine Mersch.  From this point on, the court will refer to DenHerder by her married name.

[2]There is no allegation that this court has general jurisdiction over DenHerder, so the court will only address issues related to specific jurisdiction.  The court rejects out of hand any argument in favor of general jurisdiction over DenHerder.

> jurisdiction over the defendant does not offend traditional notions of fair play and
> substantial justice.

*Id.* (citations and quotations omitted).  Because Alabama's long-arm statute authorizes courts to

assert *in personam* jurisdiction to the full extent authorized by the Due Process Clause, the only

question before the court is whether the Constitution gives this court jurisdiction over DenHerder.

ALA. R. CIV. P. 4.2 (Alabama's long-arm statute);  *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d

1312, 1319 (11th Cir. 2004).  Accordingly, the court will analyze (1) DenHerder's contacts with

Alabama and (2) the fairness of asserting jurisdiction over her.  Plaintiff bears the burden of

establishing a *prima facie* case of jurisdiction, and the court will accept the facts contained in her

pleadings as true.  *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

## I.      Minimum Contacts

DenHerder's contacts with Alabama are too few and too attenuated to create a basis for

asserting personal jurisdiction over her.  It is uncontested that DenHerder lives and works outside

Alabama.  She is not alleged to have entered Alabama at any point or to have personally initiated any

contact with Plaintiff or anyone else in Alabama.  In fact, all of DenHerder's alleged connections to

Alabama appear in two paragraphs of Plaintiff's Third Amended Complaint.  (Doc. # 49, ¶¶ 7, 46).

According to the complaint, DenHerder is associated with both the Peter Taylor Prize[3] and the F +

W Writer's Digest Competition.[4]  (*Id.* at ¶ 7).  In addition, the complaint states that she "facilitat[ed]

---

[3]DenHerder denies that she has ever had any involvement with the Peter Taylor Prize.  While
no evidence shows that DenHerder worked with the Peter Taylor Prize, Plaintiff's allegation will be
presumed true for purposes of this motion only.

[4]Plaintiff has already dismissed her claims against F + W Publications, Inc.  (Doc. # 36).
Claims against DenHerder in her capacity as an employee of F + W were dismissed at that time as
well.  (*Id.*).  This analysis will address only DenHerder individually and the court assumes, without
deciding, that Plaintiff's Third Amended Complaint makes claims against DenHerder individually.

access to Plaintiff's copyrighted works which proximately caused [Plaintiff's] damages." (*Id*. at ¶ 46). Plaintiff also claims in her brief that she had "repeated contact with Defendant DenHerder through telephone calls and emails." (Doc. # 64 at 5).

These alleged contacts are too little to support *in personam* jurisdiction. Plaintiff has not alleged that DenHerder solicited her manuscript personally, nor has she alleged that DenHerder initiated the phone calls and emails between herself and Plaintiff. Instead, Plaintiff attempts to attribute to DenHerder the actions and policies of F + W and the Peter Taylor Prize. (Doc. # 64 at 4). Plaintiff discusses the efforts of F + W and Peter Taylor Prize to solicit contestants for their competitions and tries to impute these actions to DenHerder. However, Plaintiff has alleged no facts that show that DenHerder was personally involved in the nationwide campaign to solicit entries for the two prizes. It is well-settled that an employee is not subject to personal jurisdiction in a given forum simply because her employer is subject to personal jurisdiction there:

> [I]f the claim against [a] corporate agent rests on nothing more than that he is an officer or employee of the nonresident corporation and if any connection he had with the commission of the tort occurred without the forum state, we agree that, under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous to support jurisdiction over the agent personally by reason of service under the long-arm statute of the forum state.

*Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 852 (11th Cir. 1988) (quoting *Columbia Briargate Co. v. First Nat. Bank*, 713 F.2d 1052, 1064-65 (4th Cir. 1983)). *Delong Equipment* requires a plaintiff to allege more than mere agency between a nonresident organization and its employees to made the employee subject to personal jurisdiction in a particular forum. The employee's alleged tortious conduct must have some connection with the forum state.

In this case, Plaintiff has alleged that DenHerder performed tortious acts in Tennessee, not in Alabama.[5]  Absent some allegation that there is a connection between DenHerder and Alabama, her mere association with an organization is, without more, insufficient to provide the required level of minimum contacts.  This is especially the case where, as here, Plaintiff has already dismissed claims against DenHerder related to DenHerder's employment with F + W.  There are no allegations in the record suggesting that DenHerder purposefully contacted Plaintiff or anyone else in Alabama.  As a result, the court finds that DenHerder lacks the minimum contacts necessary to subject her to this court's jurisdiction.

## II.    "Notions of Fair Play and Substantial Justice"

Due process also requires that the court consider whether it is fair to find that DenHerder is subject to personal jurisdiction in an Alabama court.  The Supreme Court has stated five factors to be addressed in determining when asserting personal jurisdiction is fair: (1) the burden litigating in the forum state places on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in convenient, effective relief; (4) the interstate judicial system's interest in efficient dispute resolution; and (5) the shared interests of the states in furthering their substantive policies.  *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980) (citations and quotations omitted).

Applying these factors here strongly suggests that it would be unfair for this court to assert personal jurisdiction over DenHerder.  According to the allegations in the complaint, DenHerder would have to come to Alabama for the first time if forced to litigate here.  The record reflects no

---

[5]The fact that Plaintiff alleges injury in Alabama does not change this analysis.  The *Delong Equipment* analysis looks to where the employee's contribution to the organization's alleged tortious conduct occurred, not where Plaintiff was injured.

personal contacts with Alabama, a fact that creates a significant burden in forcing DenHerder to litigate here.  Furthermore, Alabama has little interest in providing a forum to this dispute, as it is most likely that a Tennessee court would apply Alabama law.  *See Hataway v. McKinley*, 830 S.W. 2d 53, 59-60 (Tenn. 1992) (adopting the Restatement (Second) of Conflict of Laws to choice-of-law questions arising in tort cases and stating that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation").[6]  As to the third factor, Plaintiff has more connection with Tennessee than DenHerder has with Alabama because Plaintiff purposefully sent her manuscripts to Tennessee to be entered into various competitions. It is less unfair to make Plaintiff litigate outside of Alabama than it is to make DenHerder litigate in Alabama.[7]

On the whole, the analyses of the fairness factors show that asserting personal jurisdiction over DenHerder does not comport with traditional notions of fair play and substantial justice.  In light of the unfairness of hailing DenHerder into court here and her lack of purposeful contacts with Alabama, the court finds that it lacks *in personam* jurisdiction over DenHerder.

---

[6]To be clear, the court does not find that Alabama law certainly applies to this case; however, for the purposes of determining Alabama's interest in providing a forum to this action, Alabama's interest is reduced by the distinct *possibility* that a Tennessee court would apply Alabama law. Furthermore, even if a Tennessee court decided to apply Tennessee's rules of decision, Alabama's interest would still be too small to persuade this court that asserting personal jurisdiction over DenHerder comports with due process.

[7]The fourth and fifth factors do not appear to be relevant to this dispute.

**III.    Conclusion**

The court does not have personal jurisdiction over Defendant DenHerder.  Accordingly, Plaintiff's claims against DenHerder are due to be dismissed without prejudice.  A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this _____15th_____ day of May, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

6